THOMAS MORRIS AND WIFE, caveators, plaintiffs in error, vs. WILLIAM E. STOKES, administrator, &c. propounder, defendant in error.

Where a case has been full and fairly submitted to the jury, both upon the law and the facts, and the Circuit Judge is not dissatisfied with the verdict, it requires an extraordinary case to authorize this Court to interfere and award a new trial.

Caveat to will, from Muscogee county.　Tried before Judge WORRILL, at June Term, 1858.

The facts of this case will be found fully stated in the 21st vol. Ga. Reps. 552.

The judgment of the Court below, upon a former trial, having been reversed by the Supreme Court, the case was remanded and came up again for trial, and after the testimony was closed and argument had, the Court amongst other things, charged the jury as follows:

" If you shall believe that John L. Lewis was the guardian of the testator at the time the will was executed, that it was executed in the guardian's house, that the testator at the time, was living with his guardian, that the guardian had any thing to do in having the will written, and he takes a considerable benefit under it, then the presumption of law is against the validity of the will, and that undue influence was used by the guardian in procuring it to be executed, and you will find against the will, unless the proof is clear and satisfactory, that Phillips, the ward, in making the will, acted of his own volition, and that the guardian exercised no influence over him.　But if Lewis was the guardian of testator, and the will was executed in his house, and testator lived with him, and the guardian had any thing to do in the writing of the will, yet you will find in favor of the will, provided the proof shows that the testator acted of his own volition in the execution of the same, and that the guardian exercised no influence over him."

The jury found for the will.    Whereupon, caveators moved for a new trial on the grounds:

1st.  Because the verdict was contrary to law.

2d.  Because the verdict was contrary to the evidence

3d.  Because the verdict was contrary to the charge of the Court.

The Court after argument, refused the motion for new trial, and counsel for caveators excepted and assign said refusal as error.

B. A. THORNTON; and WM. DOUGHERTY, for plaintiffs in error.

JONES & JONES; and R. W. DENTON, *contra.*

*By the Court.*—LUMPKIN, J. delivering the opinion.

This is the second time this case has been before this Court. The complaint before was two-fold.    1st. That the Court mistook the law of the case on the first trial,  2d. That certain testimony was excluded which should have been admitted.

The plaintiff in error, then and now, having been sustained on both points, the cause was submitted to another jury. On the late trial, all the caveators' evidence was admitted, and the law charged strongly against the propounder of the will.    The jury found for the will.    A new trial having been applied for and refused, a reversal is sought here, upon the grounds, that the finding is contrary to evidence and the charge of the Court.

We omit any notice of the latter ground.    It is a good ground, if the Court charged the law correctly, and the verdict is contrary to the charge.    If the Court charge the law wrong, it is no ground for a new trial, that the verdict is contrary to the charge.    It is sufficient therefore always to insist, that the verdict is contrary to law.    For it must come to this test at last.

Was the verdict so strongly and decidedly against the evidence as to constrain the Judge who heard the case, to grant a new trial? And to require us, to reverse his judgment for refusing to do so?

We might have found differently, had we been of the jury. If the presiding Judge had granted a new trial, instead of denying it, we would have acquiesced in his judgment. And yet we do not feel at liberty to overrule the contrary conclusion to which his honor has come, as a flagrant abuse of his discretion. If the Judge who heard the case is not dissatisfied with the verdict, it should-be a strong, yes, an extraordinary case, to justify us in ordering a new trial over his head.

It is conceded, that the testimony was fully and fairly put before the jury. The caveators find no fault with the charge. There is proof enough in the record to sustain this verdict. Would it not be assuming too much, to remand this cause, with a view to coerce the jury to reject the will?

The law of the case is fully vindicated in the late opinion of this Court; and is not impugned by the authority cited from *Hill on Trustees* 158, and 17 *Engl. Law & Eq. Rep.* 357. It was forcibly submitted to the jury by the Circuit Judge. It cannot be inferred from their finding, that the jury have misapprehended or disregarded it. Young Phillips, the testator, was at the house of the witness, Wynn, several months before he made his will. He was certainly free from all fear of his guardian on that occasion. He came to get Wynn to act as executor of his will, and trustee of his sister. He then stated that he intended to give his sister Leonora, the legacies which he did leave her by his will, *and no more of his estate.*

His bounty to his guardian, though liberal, is not quite so large as it is represented. He states that he had received property and money from him, for which he had no showing. He therefore directed him to be credited with $10,000. This looks large. But it will be remembered that his guardian

had turned over to him at one time, seventeen or eighteen negroes, which he estimated at $10,000, and which are intended to be covered by this credit.

He directs a further credit to be allowed him, for all vouchers, supported by the *guardian's affidavit*; and for all receipts not already returned to the Ordinary. There is nothing necessarily wrong in this. It compels the guardian to account with the remaindermen, at the death of the grandparents of his ward, for all the money in his hands.

Finally, he gives him commissions on all his receipts and disbursements. This is what we as lawyers often do, in settling estates, whether returns have been regularly made or not. He makes him residuary legatee, until the death of his grand-parents, when the property goes over to others.

I do not refer to these facts to show, that the verdict was right. But to repel the inference, that the jury acted under the influence of some undue bias. I repeat, that as a whole, the evidence has struck me differently from what it did the jury; but that is their business, not mine. The case was fairly left to them upon the facts and the law.

The case turned after all, very much upon the credibility of one of the caveator's witnesses, Dr. Lyons. The character of this witness and the credit due to him were matters peculiarly within the province of the jury. Include the testimony of this witness, and the case is with the caveators. Exclude it, and the weight is perhaps the other way. We held that it was competent, and it was let in. But we cannot rule that the jury were bound to believe it, whether discredited in any of the usual ways or not. Counsel for caveators, say they lost the case because Dr. Lyon was not believed. We cannot help that. We in this Court labor under a great disadvantage in weighing the testimony. Men will be estimated according to their moral worth. And they ought to be. And of this, the Court below and the jury are much better judges than we can be.

Seeing that we are called on to pass upon the evidence in

almost every case brought before this Court, it begins to be time that a tariff should be established, by which it can be ascertained how many *jurors* shall go to make a *Judge,* upon mere questions of fact.   Or, in other words, how many verdicts shall weigh against the opinion of the Court ?   In the case of *Mealing & Pace,* to which this has been attempted to be assimilated, (21 *Ga. Reps.* 464,) neither the counsel nor the jury seem to have understood correctly, the legal principles involved in that trial, until the case went back the last time.   And I should feel much more inclined to overrule the verdict in this case, were there nice questions of legal science concerned.   But here it is merely a deduction from the facts.   The right and wrong of this case, and all cases like it, where the law of the case is but the justice of it, the common mind may be more competent to decide than mine.

Under these circumstances, whether my judgment is with the verdict or not, I do not feel at liberty to interfere.

Judgment affirmed.

Judge BENNING having been formerly of counsel in this case, did not preside.